Please rise. This court is now in session. Please be seated. Would the clerk call the next case, please? Case number 315-0712. Petition of Interstate Funding Corp. v. Solat Financial, LLC. Appellant by James Newman v. Mark Varboncouer, et al. Appellee by Ronald Damaschek and Interstate Funding Corp. v. Galaxy Sites, LLC. Appellee by Brian Burek. Mr. Newman, good afternoon. Good afternoon. For the record, James Newman on behalf of the Petitioner Interstate Funding Corp. in this matter, Solat Financial, Inc. As your justices recognize, this matter comes before the court on the trial court's order dismissing the petition, the amended petition, to vacate a tax deed on a 2-615 and a 2-619 basis. That means for purposes of what we're trying to accomplish in this court, your justices have to contend with whether or not that petition stated a claim for relief, in which case the trial court erred under 2-615, or if there is other affirmative matter that would defeat the claim on its face, in which case the trial court's ruling on 2-619. We contend that the trial court was an error on both counts. We contend that the amended petition to vacate a tax deed states a cognizable claim for relief, and we further contend that there was nothing in the record and nothing produced in the trial court which would preclude that petition from going forward. The motions to dismiss, when stripped of their rhetoric, really are nothing other than three affirmative defenses which have been asserted by the respondents in this case. Those affirmative defenses are that the plaintiff lacks standing, those affirmative defense that the 2-615 respondents are bona fide purchasers, and the defense of the Tax Deed Petitioner Interstate Funding Corp that the petitioner's claim is barred under the principles of waiver or stoppage. Those defenses, like all affirmative defenses, are not the plaintiff's burden to plead or prove. They are the respondent's burden. So on a 2-615 motion to dismiss in the lower court, it was improper for the court to construe those defenses against the plaintiff as if it was the plaintiff's burden to prove those cases. That being said, and we'll step aside, I intend that on each of those respective defenses there was still, even though it wasn't the petitioner's burden to plead or prove them, there was enough facts pled to show that plaintiff had standing, that the defendants were not bona fide purchasers, and that waiver and estoppel did not apply. What about the requirements of 1401? To open this up, you had the requirements of 1401 petition, correct? Correct. So under the requirements. So was this order void or voidable? This order was void, Judge. Now, is that true after Castleberry? Judge, yeah, I believe that when a tax deed. How is that true after Castleberry? Well, when a tax deed, in a tax deed petition standpoint, Castleberry did not impact, the Castleberry petition did not impact whether the voidness of a tax deed in a case like this. So the. Would it be voidable, not void? No, a voidable, so on purpose for a tax deed proceeding, it would be voidable if, for example, there was a defect in service, or there was some defect in the process of the tax deed. But as the cases I've cited in my brief, when you seek to foreclose an interest of the federal government, that tax deed is void. And we've cited those cases in our brief. So it's our petition, it's our contention that the tax deed is void. And as a consequence, we are not obliged to meet the requirements of due diligence or the state of meritorious claim. But in Castleberry, if the court has jurisdiction, they're not void. It would be voidable, but not void. The trial court had jurisdiction when the order was entered. Judge, I contend that the trial court did not have jurisdiction because there was an attempt to foreclose an interest of the FDIC. So in that sense, the trial court did not have jurisdiction. And that's why we contend this is a void. Zero jurisdiction? None at all? Did not have jurisdiction because the interest that was being foreclosed here was the interest of the federal government. And under FIREDA, the federal statute, that tax deed is void. So that's petitioner's contention. And I think it's supported by the cases that we've cited in our brief where they've held that a tax deed entered that extinguishes the interest of the FDIC. Cases like this are void. And that's seen on that basis. But if there's any contention that it's void or voidable, that's still something that should have been tried at the trial court level. And it's not a basis for a motion to dismiss it. Well, the reason I'm asking that is because if it's voidable, then you've got the elements of due diligence. And you've got a situation in this case that there was notification about all these proceedings. Nobody appeared. Right? Right. Correct, Judge. So, you know, I'm wondering where the due diligence comes in. Well, again, since this is a collateral attack on a tax deed on the voidness grounds, which is our position in this case, we contend that those requirements under Sarcassian v. Board of Chicago, we don't have to meet those requirements. So it's not a matter of this being a voidable deed. It's being its tax deed itself is void. I mean, Boney, is that Boney? Bank of New York. But they had noticed they didn't appear, right? That's correct. And they were the trustee of the. That's correct. Yeah, so but, you know, to that issue of standing, I think it's the petitioner's position here that, oh, sorry, that the respondent in advocating that plaintiff has not established standing focuses on the fact that Boney's interest, Boney had an interest in these proceedings, and Boney isn't the FDIC, and Boney had been served with notice of this. But the record is completely undeveloped at this point, as it rightly should be on a motion to dismiss, because there hasn't been any discovery or evidence to suggest that the FDIC did not retain an interest in this property, that the FDIC transferred its interest to Boney with any reservation. None of those facts have been developed. So when the court, if the court, we don't know what the court did because there's no transcript of proceedings, and the court didn't issue an order, but if the court concluded that Boney was the party in interest at the time, then that's something that it's supposed on its own because there's nothing in this record to support that fact. We, the petitioners, received an assignment of this underlying mortgage directly from the FDIC. So that in itself is suggestive of the fact that the FDIC continued to maintain an interest in this property, sorry, in this, all the loans held in that trust. And I direct Your Honor's attention and sight to the Federal Register with respect to the FDIC's securitization of these FDIC pools. In 12 CFR 360.6i, the regulation says, except as specifically set forth herein, this section does not authorize and shall not be construed as authorizing the waiver of the prohibitions in FIREA, which requires consent of the FDIC, against levy, attachment, garnishment, foreclosure, or sale of the FDIC. So in other words, the fact that this was put in a trust, in the Federal Register at least, suggests that that doesn't have any effect on the FDIC's interest in this asset, in the loan. As far as the defense, the affirmative defense that the defendants were bona fide purchasers for value, I again repeat that this is an affirmative defense. And this is something that it is the defendant's obligation and burden to plead and prove. And it cannot be, it should not be resolved on a motion to dismiss. There is, in addition, we have alleged in the petition that they were not bona fide purchasers. That the Bank of New York's interest, and it's in the caption of that foreclosure case, where the Bank of New York's interest is in, is the Bank of New York as trustee for the FDIC trust. So there is some indication in the record that the FDIC's interest was still intact, was still there. The FDIC still had an interest in this loan. So again, that is a fact issue. That is something that is a defense that the defendants rightly have. But right now, it's merely a defense. And it was wrongly content for the court to dismiss the complaint on the basis of an undeveloped affirmative defense. The last affirmative defense raised by the tax purchaser is the one that we alluded to a moment ago, which is waiver and estoppel. And again, it is the petitioner's contention, position, that avoid judgment cannot be made unvoid by principles such as waiver or estoppel. So that the fact that somebody from Plaintiff's Casino or from Bank of New York was present in court during the tax deed proceeding, well after the tax sale occurred, well after the take notices were filed, well after the petition for tax deed was formed, and more importantly, well after the period of redemption expired, cannot be construed as a waiver. And even if it were construed as a waiver, it is not a defense to avoid deed or judgment. So for those reasons, I submit that the trial court erred in dismissing the complaint, the petition, on its face. And I submit that this matter should be, the order should be reversed, and this be remanded to the trial proceedings to develop this record and allow the defendants to develop these defenses and let the plaintiff prove its claim. We have pled, I contend that we have pled a valid cause of action and under the rules for reviewing motions to dismiss under 2615. So you're claiming that, I mean the tax deed was initiated something like a year after the assignment by the FTC to the Bank of New York, right? Like a year later or something? Yes, Judge. So the Bank of New York received the assignment, right, from the FTC, FDIC? The Bank of New York. So this loan with a number of other loans were deposited into a trust, the Securitized Trust at the Bank of New York acted as the trustee for the FDIC. And so who is the record owner of the mortgage then? The FDIC, or the, this FDIC. Not the Bank of New York? Well, they're the trustee. So is this a question about what rights and responsibilities, I mean is the trustee the party or is it the FDIC, which is the trust? So this FDIC 211 M1 Asset Trust is the owner of the asset being managed by the trust. I'm sorry, by Bank of New York. So you're saying the FDIC did not divest itself of ownership? That's correct. And I, again, that's our position. It has been wholly undeveloped in the trial court because this is on a motion to dismiss under 2615. But as I just cited to the federal record, the Federal Register, where the FDIC clearly states that when they securitize loans and put it in these trusts just like this, that they do not waive any of those defenses and particularly their demand for consent before their interest can be foreclosed. So that's in the Federal Register. So that said, Justices, I would ask that you respectfully reverse the decision of the trial court, let this case proceed at the trial court level, let the parties develop, let the petitioner develop his case, let the respondents develop their defenses, and let this case be resolved at trial there. Thank you very much. Is part of your argument that there are material factual disputes that preclude a motion to dismiss? Absolutely. And as I've stated and set forth in our briefs, those are with respect to all three of the affirmative defenses that are raised, the bona fide purchaser, the standing issue, as well as the waiver and establishment. You didn't say any of those magic words in your arguments. Well, I just, because it's not a motion, thank you. It's not a motion to dismiss, so it's what I'm trying to convey here is that has the petitioner stated a cause of action? And it has, and it really should be the end of it, on a 2-6-15. Thank you, Justice.  Good afternoon, Justice. May it please the Court. Counsel, Ron Damoschek on behalf of Mark Farbenkauer, Ioanna Furnia, and Municipal Trust and Savings Bank. This is a public records case, and the integrity of the public records is what's at issue. The Court does not need to get beyond the very first issue which we raised, which is not standing. It's the requirements of 2-403 of the Illinois Code of Civil Procedure dealing with assignments, and although counsel talks about standing, if we look at his reply, briefly acknowledges on page 3 that 2-403 requires that the chain of title for an instrument that has been assigned must be pleaded in order to state a cause of action, and what's missing here is that fully pleaded chain of title, because we have the FDIC as receiver assigning to Boney Bank of New York the entirety of this note and mortgage, and then we have the pleading that FDIC subsequently assigned the note and mortgage to Stolen, the petitioner here. What's missing is that complete chain of title, because we have it going out to Bank of New York. It never comes back in the public record. There's no indication that it comes back. Instead, it's a one-way street this way and then a one-way street that way. That makes the complaint deficient and supports the dismissal of the cause of action on a motion to dismiss. While the word standing is used sometimes, it's even used by some of the courts that are talking about it, when you look at the 2-403 requirement of the Code of Civil Procedure, as it's explained in the Unified CCR Partners case, it says you have an affirmative responsibility as a plaintiff to trace that entire chain of title. That hasn't been done here. On that basis alone, the petitioner has failed to state a cause of action, and its petition should be dismissed. The court doesn't need to get to the other issues involved in the case. That CCR case, by the way, has two grounds to it. In the briefs, they talk about this Collection Agency Act, but the point that is also made is there is 2-403, which is consistent with the Roy v. Moll case, which was from 1949 under the predecessor statute. This is a long-established requirement. I have a question. Maybe I'm misunderstanding the plaintiff's argument, but I thought that what they were saying was that there isn't a chain of title because they've always owned it. Is that not right? Well, essentially, I think they're saying it's an undeveloped fact as to what interest the FDIC has, if any, in this trust, so that even though there's been an assignment of the public records to Bank of New York, that maybe the FDIC still owns this asset. But even if that were true, there has not been a pleading alleged which properly shows chain of title because what we deal with as a real estate attorney and other practitioners in the state is the grantor-grantee index, and we can't be bound by what might be, what may be out there. When we have an assignment which is in the record, which says the FDIC, as receiver, conveys, grants, sells, assigns, transfers, and sets over to Bank of New York all liens and any rights due or to become due thereon related to the subject mortgage, that's what's in the public record. And in order to plead a cause of action based on that very same mortgage, you have to plead that chain of title. Okay, what about the registration in the federal register? What does, which, what chain of title, I mean, what public record are we talking about? Right. That is a difficult issue for practitioners. As a general rule, practitioners dealing with real estate are only bound by the public real estate record. However, I will acknowledge that that recording in the federal registrar does, under the case law, put the world on notice that the FDIC is now the receiver for Piatone Bank. But we have the additional step here because the FDIC as receiver for Piatone Bank then took an action. It took an action of conveying in the public real estate record its interest to Bank of New York. Bank of New York subsequently files a mortgage foreclosure action and obtains a judgment of foreclosure in the name of Bank of New York as trustee of this trust that was established. And when it does that, it's saying to the world, we're the owner of this mortgage, we're foreclosing this mortgage, and the entry of the judgment of foreclosure under the Code of Civil Procedure, the Illinois Mortgage Foreclosure Law, 15-1506I, I believe, says that once you get that judgment of foreclosure, the mortgage doesn't exist anymore. You now have a judgment, which is a lien on the property. And how can that judgment, how can you assign the mortgage after that judgment is entered? Okay, you as a real estate attorney, do you have knowledge of the impact of the FDIC and the RTC and all of that stuff that goes along with the banks that had problems and they've been put into receivership? Are you charged with knowledge of that aspect of the public record? I believe that the law does impose that obligation upon us. And the thing we're talking about right now is a bank goes under, is taken over by the FDIC, and then there's that publication in the Federal Registrar. Then the law says we are charged with knowledge of that. And are you charged with knowledge of 12 CFR 360.61? I don't believe, I'm not even sure that was in the brief, so I'd have to look. I really don't believe that was cited before. I may be incorrect, but I don't recall seeing that in there. But what I do know is I'm charged with knowledge of what's in the tax deed proceeding. That's what the Devon Bank case said. And the argument that's made is my clients are not bonafide purchasers because Devon Bank says you're charged with knowledge of what's in the tax deed proceeding. But Devon Bank does say we're charged with knowledge, but that doesn't mean that every tax deed proceeding is wrong. And here, clearly, we've got an assignment of mortgage to Bank of New York. We've got undisputed service on Bank of New York, both on itself and on NationStar, which is an address listed in the mortgage. And then we have a court decision finding that all the requirements of service are met. So what do we have? We have a public record that we have to look at. We've looked at an assignment in the public record. We looked at a tax deed proceeding. All of those things appear to show. And we could even look at the mortgage foreclosure proceeding. Counsel has two minutes. Thank you. We can look at all those. In the timeline here, the FDIC gets their interest. Correct. In the mortgage. And then after they get their interest, they assign it to Bank of New York. Correct. And you describe the assignment. Then about a year later, there's the mortgage foreclosure action. Correct. It's initiated. And that's after. And so the notice in the federal registry was before the assignment to the Bank of New York. Correct. So there was a notice that the FDIC got this interest. Yes. That was notified to people. But then the FDIC afterwards then assigns it to someone else. Yes. Bank of New York. And then a year after that assignment, there's the foreclosure action initiated. Correct. Essentially everything else occurs after that. Because you have the foreclosure action. You have the tax deed application, tax deed proceeding, which would normally trigger events. And then you have the sale to the Varbonkowers for $400,000 plus based upon this proceeding. All of that is in the complaint. And that's why we don't have to go beyond it because what we have here is a record completely set forth in the complaint, which shows A, B, C, D. And when the Varbonkowers purchased this property for value, there was nothing in the tax deed record to indicate that there was lack of jurisdiction or any other problem with that proceeding. Now, with regard to void or voidable, you make an argument. I mean, the argument's made that this is not a void matter. It's a voidable. It would be a voidable matter. Correct. And why is that? I think Illinois law is absolutely clear that once the court acquires jurisdiction over the property, which it does by the application for deed, and once it acquires jurisdiction over the person, which it did by service on Bank of New York, then its orders are voidable, not void. Now, your opponent is suggesting that it's a void because of the federal statute and the FDIC's retained interest even after the signs. They're claiming they have a retained interest. They are claiming a retained interest in the trust. I don't see how that retained interest in the trust or alleged retained interest in the trust can trump everything else that's gone on in the public record on which all the practitioners, all the tax deed purchasers, all of the innocent people like the Varbonkowers, everybody else in the process has got to rely on what's shown in the public record, not what may be hidden somewhere else. That's what the Illinois Property Tax Code says when it says, here are the grounds that you can vacate a deed on is what 765.5-30, which talks about things being recorded in the public record. We've got to have something to judge us by. I'm trying to get a handle on the situation. How legally is it that the FDIC can make an assignment in the way they did? And you brought that up earlier. And yet retain a legal interest to be able to apply the other statute when the entity that received the assignment, the Bank of New York, has gotten that assignment and other actions are taken, right? Correct. I think once you assign it to Bank of New York, which is not a federal entity, then you've lost any protections that you've had to say this transaction can never happen, that it is completely void. I think that you have an assignment to Bank of New York. That's what we all must deal with. The only way the FDIC, I think, can protect itself is the FDIC as receiver has got to be out there and disclosed, because that's why you have that registration in the first place. You have the registration because it's saying, we're putting the notice that not only has this bank been taken over, but the FDIC as receiver has this asset. And therefore, we're all bound by the consequences. Once the FDIC transfers that to the new entities, how are any of us supposed to know that that is still the FDIC property? Isn't that a material dispute? I don't think it is for two reasons. I don't think it's material because of 2403, the requirements of the Code of Civil Procedure and the CCR case, which say you have to plead the elements of complete shame of title. You're saying that one section of our Code of Civil Procedure supersedes the federal law? No. That's a civil pleading requirement as compared to a substantive law requirement. And the Code of Civil Procedure says,  you must plead the complete chain of title of the assignment of the chosen action. And if you haven't done that, your complaint fails to state a cause of action and should be dismissed, regardless of the merits of the claim. And they fail to do that because of the problem in the chain of title. The other issue really goes to, factually, there is no material question of fact because all of the facts are pleaded in the complaint. And they lay out the exact time frame as to what happened. And if you look at the time frame, as Justice Carter said, it's transferred out to Bank of New York before any of the tax deed proceeding goes forward, before the sale to the Farbenghauer's. But the question is, what is transfer about? I think, under federal law, FDIC still retains an interest. Well, I don't think we can say that because we have an assignment here to Bank of New York which says we're assigning 100% of our interest. That's what the assignment document says. And again, I can't speak to the CFR section which was cited. I don't think that was in the briefs. The assignment had no reservation of rights. That's correct. And the federal statute, when the FDIC first obtained this interest in the trust, the federal statute does not prohibit the FDIC from transferring an asset to someone else. No, of course not. In fact, that's the goal of the FDIC. I mean, that's what they want to do in these kinds of cases. Correct. They want to get rid of it. Correct. I don't believe that's correct. They actually did replete. There was a petition filed and an amended petition filed. And once the amended petition was filed, it was fully briefed, court argued, addressed the arguments, and we addressed all the arguments. We have not only the arguments about the pleading itself and the pleading deficiency, but we also, which can't be cured. There's no cure. There's no repleting. It's absolutely undisputed that the loan was assigned to Bank of New York. Bank of New York actually foreclosed, got a judgment. Once you get a judgment, you don't have a mortgage anymore, and then FDIC assigned. There is no pleading in there that nothing can be replete. But we also have the other arguments which we've been talking about, about this change of title and what happened to the public records, the FDs. We have the requirements of 214.01 in terms of void and voidable and the requirement of failure to plead due diligence. And even with a BFP, a void deed doesn't stand. That's the Jojan case. So, thank you. Thank you. Thank you. Mr. Burek. Good afternoon, Justices. Good afternoon. If it please the Court, Brian Burek on behalf of Interstate Funding Corporation and Galaxy Sites, LLC. Interestingly, the real party in interest, my real client in interest, is Galaxy Sites, LLC, the tax deed grantee. The reason that that's interesting is due to the questioning that's taking place this afternoon. Galaxy Sites, LLC took an assignment of the certificate of purchase here, which is the evidence of the tax sale from Interstate Funding Corporation. Interstate Funding Corporation petitioned for a tax deed and at the tax deed prove-up, there was an assignment of that certificate. And that assignment has a very real legal effect. It conveyed all of the right, title and interest, the entire bundle of rights that Interstate Funding had in that certificate and in the underlying property to Galaxy Sites, LLC. The only reason I said that I'm appearing on behalf of Interstate is because that's how it was captioned by the appellant. That's how it was captioned at the trial court. Really, I'm only here on behalf of Galaxy Sites, LLC. And this goes to the very question that Justice Carter was posing regarding an assignment. As a practitioner in this field for 22 years, what I do on a daily basis is I examine a chain of title. I've had occasion, dozens, hundreds of occasion, where I see the FDIC as receiver in a chain of title. What I do when I see that is I don't even petition for a tax deed because I can't because the FDIC has a super interest that comes ahead of the state interest when it's held in its own capacity. And the property test code provides relief and remedies for that situation, something called a sale in error, is what the tax purchaser receives when the FDIC owns a property. When the IRS, for example, has foreclosed on IRS liens and taken title to a property, I can't even petition for a tax deed. And I avail myself upon the remedy provided. What's different here, very different, is this assignment of the mortgage. The assignment puts a chink in the entire federal priority. It's telling the world, it's putting the world on notice that the FDIC no longer is the legal owner of this mortgage. The FDIC has assigned it to a trust, and a trust is a split between legal and beneficial power. The legal authority now has been assigned to Bank of New York. The record is not void of a lack of diligence on behalf of the Assinee Bank of New York. In fact, Bank of New York had an attorney appear at the tax deed proceeding on its behalf. He stood there. He watched me offer proofs to the trial judge. I went through the entire procedure of who was served and how they were served. He said nothing. This is exactly, this is probably the very best area of law for why 1401 requires an exercise of diligence by the 214-01 petitioner. I just want to recap the time frame here. The lien of taxes for 2009, those were the taxes that were sold to Tesh on January 1, 2009. There's in-room jurisdiction of the trial court when the application of the county treasurer is filed in October of 2009. In November of 2010, the delinquent taxes are sold. My client becomes a successful bidder of the taxes. After that, the FDIC takes over this defunct Piatone Bank as receiver. In 2013, when my due diligence is to examine the chain of title, I see this assignment that's Exhibit A of my brief in favor of Bank of New York. At that point, the FDIC does not have an interest in its own capacity. It's assigned the legal interest in that instrument. That assignment is effective as of the date that I'm ascertaining interested parties and as of the date that I'm noticing all those parties. The jurisdiction is clear. Once the sheriff's office and the certified mailings and the publication and all the various modes of notice are provided to Bank of New York, the court has jurisdiction, both subject matter and in-room jurisdiction over the property, subject matter jurisdiction over Bank of New York, and its order was certainly supported by the record. How much time is one minute? For an assignee, an assignee, not even FDIC, but FDIC going and selling this paper after a tax seat is issued, and that assignee coming back, that's exactly the reason that we have a diligence requirement so that people like the bona fide purchaser in this case can't be disturbed of their good title to rule otherwise, and this is not an affirmative defense. This is other matter that defeats the legal claim under 2619A9, and that's exactly what I've pled and what the trial court properly granted the motion to dismiss based upon. How is it possible to make the second assignment? The FDIC? You know. What was left to be reassigned? To be assigned? Well, they're arguing that my tax deed was void or voidable, and as such, they could assign anything that existed, and they feel as though they can disregard the entire proceeding and the entire course of events from 2009 through January 2014 and just take this instrument, which has been extinguished by the tax deed, mind you, and assign this instrument to a third party. There was never anything from Bank of New York back to the FDIC. That's correct. Did you or your client acquire a legal interest in the tax property before the expiration of the period of redemption? It's an executory interest, and so because redemption can extinguish the interest prior to a date certain, yes, they acquired some sort of contingent interest, but they did not acquire a fee title. No, not until Judge Anderson ordered the county clerk to issue a tax deed. So there was not an actual interest? An actionable interest? Actual. An actual interest? No, it was still a contingent interest. However, my client has an affirmative duty and things that it has to do under the property tax code to comply in order to change that from a contingent interest to an actual interest. In terms of the time frame here, you're saying this happened and that happened after you acquired the interest in the taxes. You didn't acquire an interest in the property. We acquired the interest in the property. The interest in the property is acquired on the date of the tax sale, and there's case law to support that. Okay, and when was the tax sale? The tax sale was in October of 2010. Of 2010. Okay, and FDIC noticed its interest on April 30th of 2010, which was prior to tax deed, let's say, on the taxes. That's correct. Thank you. Thank you. Mr. Noonan, would you bother? Thank you. Briefly, with respect to counsel's suggestion that 2403, as a matter of civil pleading rules, requires a plaintiff to lay out in the complaint a complete chain of title, I contend that is not correct. The cases I've cited suggest that, again, that is a standing issue and it's the defendant's burden to plead. But even more so, if misreads section 2403, which does not say that the plaintiff must plead the chain of title, all it says is that the person shall, in his or her pleading, on oath allege that he or she is the actual bona fide owner thereof and set forth how and when he or she acquired title. Attached to our amended petition is an affidavit from Representative Laura Stolak showing how it acquired title from the FDIC. Mr. Noonan, what was conveyed in the assignment to Bank of New York by the FDIC? What did you give them when the assignment was made? So, again, I can't answer that question, Chief, because the record is undeveloped. But the assignment from FDIC to the Bank of New York refers the reader to the FDIC's website, where I went, and pulled out 360, 12 CFR 360.6, which says that regardless of what happens when the loans are put into these securitized trusts, the FDIC does not give up its right to require consent before they can foreclose. Okay, but this wasn't the trust. The assignment took place before the trust, right? So are you referring to the assignment of the mortgage from FDIC to the trust? Is Bank of New York the trust? Yes. Oh, okay. Yeah, so Bank of New York is the trustee for the FDIC. But the FDIC assigned – this is in the record. It's not like a factual dispute. They made this assignment to the Bank of New York. Correct, as trustee for its own trust. Okay, and your client received another assignment from the FDIC, correct? Thereafter, yeah. What did your client receive, you think? What did your client receive? Received the mortgage. It was assigned the mortgage, yeah. Okay, so they assigned to the Bank of New York the mortgage. Yep, to the trust. And then they assigned it again to your client. Well, Judge, again, this is a 2615 motion. So is the record established that that loan wasn't put back into the trust, that the FDIC retained rights that were outside the trust? Those are all fact questions. Well, but those facts are in these pleadings. The facts are set out that these assignments were made. So the assignment was made. And was there any pleading showing that it was assigned back or anything like that? Because on the face of the pleadings, it shows an assignment was made to the Bank of New York. Right, it shows an assignment was made. We have an assignment to the Bank of New York, and the only other document we have is an assignment from the FDIC to my client. So there's this hole, there's this gap potentially. There's been no pleadings about that, how the gap was filled. That's not a fact question. That's a pleading problem, isn't it? I contend it's not. That's exactly what those cases I sent, that's a standing issue. Is there a break in the chain of title? If there's a break in the chain of title that FDIC did not have the authority or capacity to assign the mortgage to us. Prove it. Prove that they couldn't do it. That's not for the plaintiff to prove. We've got the assignment of the mortgage. But, I mean, the complaint shows that the FDIC assigned it to the Bank of New York. At some point, yes. Right. And then later, they do the same assignment to another entity, your client. Yes. Okay. So those things are off record, right? Those two things are off record. But my point is that, again, to answer that and to come to a conclusion, we would need to establish that the FDIC did not have the authority to take it out of the trust after it assigned it to Boney. We would have to assume that it was taken out of the trust after the FDIC assigned it to us. We would need to assume what rights, if any, the FDIC reserved in the trust, what powers the FDIC had to dictate to Boney in terms of what it can do with mortgages in the trust. Those are all fact questions. So I contend, and this is, you know, if this were a matter of summary judging, we would be having a much more detailed discussion of this. But it's a matter of we contend that we received an assignment of the mortgage from the FDIC. The FDIC, at some point, had assigned it to the Bank of New York to serve as its trustee for its own trust. It's not like it was a trustee for some other trust. It was for an FDIC trust. Would a proven practitioner have gone to the, you know, these rules with the securitization of FDIC trusts, I might add, only came into effect in 2010. So counsel's long experience in doing taxes, I understand, notwithstanding that this is a recent, the FDIC's program to securitize these bad loans is a fairly recent vintage. Question. Does a practitioner practicing in the tax deed area need to go into the Federal Register to look at these things, clarify, see exactly what it is that's being assigned when the FDIC assigns a mortgage to a trust? Well, there's the assignment document that says it. Yeah, but I mean, is it? I mean, you're saying the FDIC had a reservation or something. I'm saying they might. But on a motion to dismiss, we can't presume. But that doesn't appear on the assignment, any reservations. No, but it appears in the Federal Register. That's before when they first got it. No, no, no, no, no, the Federal Register from 2010 on the securitization. When I went to the FDIC website, when I looked at the assignment, I went to the FDIC website, securitization of trusts, it's right in there. It says that the FDIC, despite, even though we're putting this mortgage in an FDIC asset trust, we are not waiving our right for you to get consent for us to foreclose our deed. When they are still holding it. Yes. But they have signed it out. Sorry? But they have signed it out to the Bank of New York. Yeah, that's what I'm saying. So when the 2010, the CFR on the assignment, the assignment outs, when the program was put in place to bundle these loans, put them in securitized trusts, and assign a trustee like Bank of New York, the FDIC does not give up its right to require consent for you to foreclose a mortgage. So the assignment is a sham? Not a sham. It's just, as counsel said, it's a vehicle to get rid of these assets. But it just requires a protection. I mean, frankly, it's the federal government. I mean, this is a tricky thing, and there's no excuse. When did your client get in this tricky thing? When I found out that the property was lost. We bought from the FDIC and found out that the property had been sold for taxes. And, you know, like counsel, we're well seasoned here. We practice in the real estate area. This is something that has not come up in this state as far as I know before, but it's come up in other states. And the last point I'd like to make is your Honor's point about void or voidable. The cases I cite on page 12 of our brief, those cases, I'm sorry, page 9 of our brief. Any effort by a taxing body to extinguish a lien in which the FDIC holds an interest renders the levy, attachment, garnishment, foreclosure, or sale void. So it is our contention that that is what happened here. And as a consequence, since it's void, we are entitled to collaterally attack it, as we have done in this petition. And I ask for your Honor to respectfully reverse the decisions of the trial court and be grammatical in the proceedings. Thank you very much. See, that language is any effort by a taxing body to extinguish a lien in which the FDIC holds an interest. And that's sort of the issue here is that it holds an interest. But until we get to a fully developed record, we can tell whether they have an interest. I think it's premature in the trial court to say that it didn't. Thank you very much. Thank you. We thank all of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. Thank you. The court will now stand in brief recess for a panel change. Please rise. The court abstains in recess.